IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION A. CARR,

    Petitioner,                      No. CIV S-06-1502 MCE EFB P

   vs.

MATTHEW KRAMER, Warden,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss this action on the ground that petitioner fails to allege a cognizable claim. Petitioner opposes.

**I.    Facts**

      Petitioner is serving a term of seven years to life in prison for his 1997 conviction of murder. On June 20, 2006, petitioner filed an application for a writ of habeas corpus alleging: (1) the California Board of Prison Terms (BPT) repeatedly has found him unsuitable for parole in violation of the Due Process Clause of the Fourteenth Amendment; (2) the BPT's application of parole regulations made after the time petitioner committed his crime violates the *Ex Post Facto* Clause of the United States Constitution; (3) the BPT has violated petitioner's rights under the Equal Protection Clause of the Fourteenth Amendment by fixing the sentences of petitioner's

1

co-defendant at a term of around 8 years while failing to fix petitioner's term, even though petitioner was found not to have been the actual killer; (4) the failure to fix petitioner's term of imprisonment as required by the law in effect at the time he committed his offense violates section 1170.2 of the California Penal Code and section 3.5 of Article III of the California Constitution; and (5) in continually violating petitioner's rights to due process and equal protection, and by violating the *Ex Post Facto* clause, the BPT has subjected petitioner to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

On July 20, 2006, petitioner filed a document styled, "Petition for Writ of Habeas Corpus," asserting that he does not challenge any particular finding that he is not suitable for parole. Rather, he asserts that the law in effect when he committed his crime required the BPT to determine his maximum sentence, it failed so to do, and this violates the federal constitution. He cites to *Hicks v. Oklahoma*, 447 U.S. 343, 347 (1980), which involved a faulty jury instruction. The instruction, based upon a recidivist statute invalidated after petitioner's trial, required the jury to impose a 40-year sentence if they found him guilty. *Hicks*, 447 U.S. at 345. The jury found petitioner guilty and imposed the mandatory sentence. The result of the error was that,

> Oklahoma denied the petitioner the jury sentence to which he was entitled under state law, simply on the frail conjecture that a jury *might* have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision. Such an arbitrary disregard of the petitioner's right to liberty is a denial of due process of law.

*Id.* at 346. Petitioner seems to argue that his situation is analogous to that of the petitioner in *Hicks*. He asserts that even though he *could* serve a maximum of life in prison, this is not dispositive of whether the BPT's refusal to apply the correct law arbitrarily has lengthened his sentence.

**II.    Standards**

A federal court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus,

2

habeas relief is unavailable for alleged errors in the interpretation and application of state law. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (admitting inherently inflammatory evidence pursuant to state law did not violate due process); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief available only where "the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts."). To state a cognizable claim, therefore, a petitioner must articulate specific facts which could constitute a violation of federal law, including statutes, the Constitution or treaties. Furthermore, in the event respondent has any doubt, it now is clear that California prisoners have a federally protected liberty interest in release to parole. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006).

**III.    Analysis**

As an initial matter, the court must determine what document is the operative petition. Respondent seems to acknowledge that this action proceeds on the June 20, 2006, petition. Motion at 4. However, he also seems to assert that the document filed on July 20, 2006, is a petition which supersedes the June 20 petition. Motion at 4. The court finds that the document petitioner filed on July 20, 2006, is not a petition. To be construed as a petition, it "must substantially follow either the form appended to" the Rules governing Section 2254 cases or a local rule, and it must allege the grounds for relief, the facts in support thereof and the relief requested. Rule 2(c), (d), Rules Governing Section 2254 Cases. The July 20 document does not substantially follow the form requirement or make a demand for relief. Furthermore, instead of asserting affirmative grounds for relief with facts in support thereof, petitioner therein disavows any claim to a due process violation in the findings that petitioner is not suitable for parole. Rather, he attempts to explain, by reference to precedent, one of his claims. Thus, the July 20, 2006, document is in the nature of a brief in support of the June 20, 2006, petition.

Turning to the basis of respondent's motion, the court finds that with respect to all but one of petitioner's claims, respondent's contention that petitioner's allegations do not implicate

1 any federally protected interest fails.  The first, second, third, fifth and sixth claims, recounted 2 above, articulate specific reasons why petitioner believes his continued incarceration violates the 3 federal constitution.  However, the fourth claim challenges petitioner's continued incarceration 4 based solely on California law.  Therefore, the fourth claim is not cognizable under 28 U.S.C. 5 § 2254.  Only the fourth claim must be dismissed and respondent must answer the remaining 6 claims.

7     Accordingly, it is hereby RECOMMENDED that:

8     1. Respondent's September 27, 2006, motion to dismiss be granted in part and that 9 petitioner's fourth claim be dismissed; and

10     2. Respondent be given 60 days to file and serve an answer to the June 20, 2006, petition 11 and that any response shall be accompanied by any and all transcripts or other documents 12 relevant to the determination of the issues presented in the application.  *See* Rules 4, 5, Fed. R. 13 Governing § 2254 Cases.

14     These findings and recommendations are submitted to the United States District Judge 15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after 16 being served with these findings and recommendations, any party may file written objections 17 with the court and serve a copy on all parties.  Such a document should be captioned "Objections 18 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the 19 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 20 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

21 Dated:  August 14, 2007.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE