IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION A. CARR,   No. CIV S-06-1502 MCE EFB P

    Petitioner,

  vs.   ORDER

MATTHEW KRAMER, Warden,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On September 27, 2006, respondent moved to dismiss the petition on the ground that petitioner failed to state any federal claim. On October 16, 2006, petitioner opposed the motion. On August 15, 2007, the magistrate judge filed findings and recommendations in which he found that all but one of petitioner's claims was cognizable, and recommended that only one claim be dismissed. These findings and recommendations were served on both parties. Both parties have filed objections to the findings and recommendations.

///

1    The magistrate judge found that petitioner made the following claims in the June 20, 2006, petition:   (1) the California Board of Prison Terms (BPT) repeatedly has found him unsuitable for parole in violation of the Due Process Clause of the Fourteenth Amendment; (2) the BPT's application of parole regulations made after the time petitioner committed his crime violates the *Ex Post Facto* Clause of the United States Constitution; (3) the BPT has violated petitioner's rights under the Equal Protection Clause of the Fourteenth Amendment by fixing the sentences of petitioner's co-defendants at a term of around 8 years while failing to fix petitioner's term, even though petitioner was found not to have been the actual killer; (4) the failure to fix petitioner's term of imprisonment as required by the law in effect at the time he committed his offense violates section 1170.2 of the California Penal Code and section 3.5 of Article III of the California Constitution; and (5) in continually violating petitioner's rights to due process and equal protection, and by violating the *Ex Post Facto* clause, the BPT has subjected petitioner to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.   The magistrate judge found that petitioner's fourth claim is not cognizable on federal habeas, but the others are.  Respondent objects that the magistrate judge listed a claim petitioner does not in fact make, i.e., claim one enumerated above.  Respondent also objects that the magistrate judge erred in finding that petitioner stated claims under the *ex post facto* clause and the Equal Protection Clause of the Fourteenth Amendment.  Petitioner argues that the claim that the magistrate judge recommended be dismissed, i.e., claim four enumerated above is cognizable on habeas corpus.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo  review of this case.  Having carefully reviewed the entire file, the court finds two of respondent's objections to be well-taken.  As noted above, the magistrate judge found petitioner claimed that the California Board of Prison Terms (BPT) repeatedly has found him unsuitable for parole in violation of the Due Process Clause of the Fourteenth Amendment.

In a document filed July 20, 2006, petitioner specifically disavowed any challenge to particular decisions about his suitability for parole. Accordingly, the court finds that petitioner does not make any such claim. As also noted above, the magistrate judge found that petitioner's claim that the BPT's application of parole regulations made after the time petitioner committed his crime violates the *Ex Post Facto* Clause of the United States Constitution states a cognizable claim. In support of this claim, petitioner alleges that he was convicted of murder, attempted murder, robbery and conspiracy on July 26, 1977, based on conduct occurring at the time California's old sentencing scheme, the Indeterminate Sentencing Law. He alleges that his suitability for parole should be considered under that scheme instead of the Determinate Sentencing Law. The Ninth Circuit Court of Appeals has held that "the application of the DSL parole-suitability guidelines to prisoners sentenced under the ISL does not disadvantage them, and therefore does not violate the federal constitutional prohibition against *ex post facto* laws. *Connor v. Estelle*, 981 F.2d 1032, 1034 (9th Cir. 1992). Under *Connor*, petitioner's claim fails as a matter of law. Finally, respondent objects to the finding that petitioner states a claim under the Equal Protection Clause of the Fourteenth Amendment. Petitioner alleges that the BPT determined the sentences of his co-defendants, as required by the Indeterminate Sentencing Law, at a term of around 8 years, but has failed to determine petitioner's term, even though petitioner was found not to have been the actual killer. Petitioner has not alleged that he belongs to any protected class. *City of Cleburne, Tex. v . Cleburne Living Center*, 473 U.S. 432, 439-40 (1985) (state legislation creating classifications based on race, nationality, alienage, sex or illegitimacy is subject to heightened judicial scrutiny; all other classifications need survive only the rational basis test). He attempts to make a claim that he was treated differently from someone who is similarly situated by alleging that his co-defendant who actually killed the victim has been released to parole. However, even if he were to prove this instance of inequality, he could not prevail. The Equal Protection Clause does not require identical treatment. *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991).

1  Instead, there must be an allegation that the law is applied unevenly in a systematic manner.
2  *McQueary*, 924 F.2d at 835.  Plaintiff's allegations fall short of this standard.  Finally,
3  petitioner's claim that his continued incarceration in violation of the *Ex Post Facto* clause and
4  the Equal Protection Clause constitutes cruel and unusual punishment also fails as a matter of
5  law.  The court cannot find an Eighth Amendment violation based on cumulative violations of
6  other constitutional protections.   The Eighth Amendment forbids extreme sentences that are
7  "grossly disproportionate" to the crime.  *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991).
8  Petitioner does not allege that his sentence is so long compared to the crime for which he was
9  committed that it constitutes cruel and unusual punishment.  He therefore fails to state a claim.

    Accordingly, IT IS HEREBY ORDERED that:

    1. The court declines to adopt the August 15, 2007, findings and recommendations;

    2. Respondents' September 27, 2007, motion to dismiss is granted; and,

    3. This action is dismissed for petitioner's failure to state a claim.

Dated: September 28, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE