IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION A. CARR,                                                  No. 2:06-cv-01502-MCE-EFB-P

      Petitioner,

  v.                                                                                 ORDER

MATTHEW KRAMER, Warden,

      Respondent.

_____/

      Petitioner is a state prisoner seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court is petitioner's October 18, 2007, motion for relief from judgment. *See* Fed. R. Civ. P. 60(b).

      In the application for habeas relief, petitioner challenged a decision of the California Board of Prison Terms ("BPT") finding that he was not suitable for parole. He asserted that he was entitled to relief under the *Ex Post Facto* Clause, the Equal Protection Clause of the Fourteenth Amendment and state law. Respondents moved to dismiss this action on the ground that petitioner failed to allege any cognizable claim. On August 15, 2007, the magistrate judge recommended that respondent's motion be granted in part and denied in part, and that respondent be directed to answer the petition.

1  Respondent timely filed objections, asserting that the magistrate judge listed a claim that
2  petitioner did not in fact make and erred in finding that petitioner stated claims under the *Ex Post*
3  *Facto* Clause and the Equal Protection Clause of the Fourteenth Amendment.  On September 28,
4  2007, the district judge found respondent's objections to be well-taken, and granted the motion to
5  dismiss.  The Clerk of the Court duly entered judgment.  Petitioner seeks reconsideration of the
6  September 28, 2007, order and relief from the judgment.
7        Pursuant to Fed. R. Civ. P. 60(b):
8        On motion and upon such terms as are just, the court may relieve a party or a
          party's legal representative from a final judgment, order or proceeding for the
9         following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
          newly discovered evidence which by due diligence could not have been
10        discovered in time to move for a new trial under rule 59(b); (3) fraud (whether
          heretofore denominated intrinsic or extrinsic), misrepresentation, or other
11        misconduct of an adverse party; (4) the judgment is void; (5) the judgment has
          been satisfied, released or discharged, or a prior judgment upon which it is based
12        has been reversed or otherwise vacated, or it is no longer equitable that the
          judgment should have prospective application; or (6) any other reason justifying
13        relief from the operation of the judgment.
14        It appears that petitioner argues that his constitutional and state-law claims are in fact
15  cognizable.  However, he does not articulate any facts or cite to any law showing that he is
16  entitled to relief from judgment.
17        Accordingly, petitioner's October 18, 2007, motion is denied.
18        So ordered.

Dated:  December 18, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE