IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION CARR, | No. 2:06-cv-01502-MCE-EFB P |
| Petitioner, | |
| vs. | ORDER |
| ARNOLD SCHWARZENEGGER, et al., | |
| Respondents. | |
| _____/ | |

Petitioner is a prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On September 28, 2007, the court granted respondents' motion to dismiss and ordered this action dismissed. Also on that date, the Clerk of the Court duly entered judgment. On October 16, 2007, plaintiff filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.[1]

///

---

[1] In determining when petitioner's documents were filed, the court looks to the date that petitioner served them by delivering them to prison officials to be mailed to this court. *See Houstan v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court).

The court denied that motion on December 19, 2007.  On January 10, 2008, petitioner filed a notice of appeal and a request for a certificate of appealability.  For the reasons explained below, the court finds that the notice of appeal is late.  Thus, the court cannot rule on the motion for a certificate of appealability.

   A timely notice of appeal is a jurisdictional prerequisite to appealing a district court's judgment.  Fed. R. App. P. 4(a); *Bowles v. Russell*, 127 S.Ct. 2360, 2366 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").  Ordinarily, a party in a civil action must file the notice within 30 days after judgment is entered.  Fed. R. App. P. 4(a).  However, that time is modified for a party who, no later than 10 days after judgment is entered, files a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure.  Fed. R. App. P. 4(4)(vi).  Such a party must file a notice of appeal no later than 30 days from the entry of the order disposing of that motion.  *See* Fed. R. App. P. 4(4)(A).  Here, judgment was entered on September 28, 2007.  Excluding holidays and weekends, petitioner had to seek relief from judgment no later than October 15, 2007, in order to satisfy Rule 4(4)(iv) of the Federal Rules of Appellate Procedure.  Measuring from the date petitioner delivered his motion for reconsideration to prison officials for mailing to this court, his motion is deemed filed on October 16, 2007.  Thus, petitioner filed his motion for relief from judgment one day late and he cannot benefit from appellate Rule 4(4)(A).  More than 30 days elapsed between September 28, 2007, the date judgment was entered, and January 10, 2008, the date petitioner filed his notice of appeal.  Accordingly, appellate jurisdiction is lacking and the court cannot consider petitioner's motion for a certificate of appealability.

   SO ORDERED.

Dated:  January 25, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

2